# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ISMAEL R. BRISENO,<br>　　　　　　Appellant,<br><br>　　　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DOCKET NUMBER<br>SF-0752-13-0014-A-1<br><br><br>DATE: November 20, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Norman F. Nivens</u>, Esquire, Fair Oaks, California, for the appellant.

<u>Camille D. Stroughter</u>, Esquire, Oakland, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The agency has filed a petition for review of the addendum initial decision, which ordered it to pay the appellant $15,411.73 in attorney fees incurred in connection with the appellant's petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency removed the appellant based on allegations of misconduct, and he appealed his removal to the Board. Initial Appeal File (IAF), Tab 1 at 3-5. On December 12, 2012, the parties entered into a settlement agreement. IAF, Tab 8. In exchange for the withdrawal of his appeal and waiver of other claims, the agency, among other things, agreed to change the appellant's Standard Form 50 (SF-50) from a removal to a resignation for personal reasons and to pay $2,500 in attorney fees to the appellant's attorney within 60 days of the full execution of the agreement. *Id.* at 2-3. The administrative judge entered the agreement into the record for enforcement purposes and dismissed the appeal. IAF, Tab 9, Initial Decision.

¶3 On March 13, 2013, the appellant filed a petition for enforcement alleging that the agency had failed to comply with the terms of the settlement agreement. Compliance File (CF), Tab 1. In particular, he alleged that the agency had not provided him with either the corrected SF-50 or the payment of attorney fees

pursuant to the agreement. *Id.* at 2-3. During the course of the compliance proceedings, the appellant submitted a letter stating that the agency had come into full compliance with the agreement and, as a result, the administrative judge dismissed the petition as withdrawn. CF, Tab 11, Tab 13, Compliance Initial Decision. Thereafter, the appellant filed a motion seeking $15,411.73 in attorney fees relating to his petition for enforcement, which the agency opposed. Attorney Fees File (AFF), Tabs 1, 3-4, 7. The administrative judge issued an addendum initial decision granting the motion for attorney fees for the full amount requested. AFF, Tab 9, Addendum Initial Decision (AID).

¶4    The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. The appellant has filed a response in opposition, PFR File, Tab 3, to which the agency has replied, PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board may require an agency to pay reasonable attorney fees incurred by an employee, including fees incurred during litigation of a petition for enforcement, if the employee is the prevailing party and the Board determines that such payment is warranted in the interest of justice. *Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶ 7 (2010). An appellant bears the burden of proving his entitlement to attorney fees by showing that: (1) an attorney-client relationship existed and fees were incurred; (2) he is the prevailing party; (3) an award of fees is warranted in the interest of justice; and (4) the fees are reasonable. *Id.*, ¶ 12. To show that he is the prevailing party in the compliance phase of the proceedings, an appellant must establish that the agency materially breached the Board's enforceable order or the settlement agreement at issue. *Id.* In cases where the agency complies with the settlement agreement during the pendency of the petition for enforcement, the appellant is not required to establish that the agency's eventual compliance was causally related to his petition for enforcement in order to establish that he is the

prevailing party. *Id.* Although the appellant bears the ultimate burden of proving the agency's noncompliance, the agency bears the burden of producing relevant, material, and credible evidence of its compliance. *Id.*

¶6     Here, the administrative judge found that the appellant satisfied his burden of proving his entitlement to attorney fees in connection with his petition for enforcement. AID at 3. Specifically, he found that the appellant incurred the fees through an attorney-client relationship, the appellant was the prevailing party, an award of fees was warranted in the interest of justice, and the fees claimed were reasonable. AID at 3-8. In finding that the appellant was the prevailing party, the administrative judge found that the agency materially breached the agreement when it failed to properly amend the appellant's SF-50 pursuant to the terms of the agreement until almost 2 months after a reasonable deadline and when it failed to make the payment of attorney fees until 4 months after the agreed-upon deadline in the agreement. AID at 4-5. Although the agency generally disagrees with these well-reasoned and explained findings on review, it has set forth no reason to disturb them.[2]

¶7     For instance, the agency challenges the administrative judge's finding that the fees claimed were reasonable. PFR File, Tab 1 at 5-6, Tab 4 at 6. Its primary argument in this regard is that the number of hours claimed was excessive considering much of the fees were incurred in connection with the appellant's motion for fees. PFR File, Tab 1 at 5-6. As the administrative judge properly found, however, the appellant submitted a meticulous and well-supported fee petition, which not only had to document the time his attorney spent but also had to show that he was the prevailing party. AID at 6; AFF, Tab 1, Attachment 5.

---

[2] For the first time on review, the agency argues that any breach concerning the SF-50 was not material and that any breach concerning the attorney fee payment was outside of its control. PFR File, Tab 1 at 2-5. The Board has not considered these arguments because the agency has not shown that they are based on new and material evidence not previously available despite its due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

Under these circumstances, we agree with the administrative judge's finding that the amount of time preparing the motion for fees, which was approximately 20 hours, was not excessive. AID at 6-7 (citing *Harris v. Department of Agriculture*, 33 M.S.P.R. 237, 240 (1987)). The agency also asserts that any hours claimed after April 18, 2013, which includes time spent preparing the motion for fees, should be disallowed because the agency claimed that it would fully comply with the agreement at that time. PFR File, Tab 1 at 6. We agree with the administrative judge's reasoning, however, that the appellant was entitled to have his attorney review the agency's actions, communicate with him about it, withdraw the petition for enforcement, review the initial decision dismissing the petition, and work on the request for fees and that, therefore, the fees claimed after that time were reasonable. AID at 7-8; AFF, Tab 1, Attachment 5. Moreover, the agency does not dispute that it did not actually comply with the attorney fee provision of the agreement until June 2013 and we find that any fees incurred in securing the attorney fee payment were reasonable. AID at 5; CF, Tab 11. Accordingly, we find unpersuasive the agency's argument that the fees claimed in connection with the petition for enforcement were excessive.

¶8          The agency also generally argues that any award of fees in this case does not serve the interest of justice. PFR File, Tab 1 at 7, Tab 4 at 6. As the administrative judge correctly stated, however, the interest of justice is generally served by an award of attorney fees when an agency delays its compliance beyond the dates set in the agreement. AID at 5 (citing *Thomas v. U.S. Postal Service*, 87 M.S.P.R. 331, ¶ 15 (2000), *overruled on other grounds by Shelton*, 115 M.S.P.R. 177, ¶ 10). Here, we agree with the administrative judge's findings that the agency unreasonably delayed its compliance with two material terms of the agreement until after the appellant filed his petition for enforcement. AID at 4-5; CF, Tabs 3, 11. The administrative judge also correctly stated that the interest of justice is generally served by an award of attorney fees when the

agency knew or should have known that it would not prevail in an enforcement proceeding. AID at 5-6 (citing *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980)). We likewise agree with the administrative judge's finding that the agency knew or should have known it was in material breach of the agreement and would not prevail. AID at 5-6. Therefore, we find that the agency has set forth no basis to disturb the initial decision.

**ORDER**

¶9  We ORDER the agency to pay attorney fees in the amount of $15,411.73 by a check made payable to the appellant's counsel. The agency must complete this action no later than 20 days after the date of this decision. *See generally* Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

¶10  We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶11  No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.